## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**DOROTHY MOISE,**
  **o/b/o K.E.F.,**

                **Plaintiff,**

**-vs-**                                      **Case No.  6:08-cv-1701-Orl-31DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**
                **Defendant.**
_____

## ORDER

This matter comes before the Court on Plaintiff's Complaint (Doc. 1) on behalf of her niece, K.E.F., challenging a denial of Supplemental Security Income benefits.  On December 29, 2009, Magistrate Judge Baker issued a Report and Recommendation in which he recommended that the decision of the Commissioner be affirmed.  (Doc. 17).  The Plaintiff filed an objection (Doc. 18) to the Report and Recommendation, and the Commissioner filed a response (Doc. 19).

### The Report and Recommendation

Judge Baker concluded that the ALJ's determination that K.E.F.'s impairment did not meet Listing 112.05D, for mental retardation, was supported by substantial evidence, because the only evidence of retardation was too old to be valid and because there was abundant evidence that she was not mentally retarded.  (Doc. 17 at 7-11).  In the objection to Judge Baker's Report and Recommendation, counsel for the Plaintiff focused entirely on his allegations (1) that the ALJ in this case is biased against him and, as a result, against his clients and (2) that the Appeals Council has failed to properly investigate his complaints about this ALJ.  (Doc. 18).  Counsel for the

Plaintiff seeks to have this case remanded to the Appeals Council for further investigation of his allegations of bias, either pursuant to a writ of mandamus or for further development of the record pursuant to sentence 6 of 42 U.S.C. § 405(g).

**Bias**

The Social Security Act contemplates that disability hearings "will be individualized determinations based on evidence adduced at a hearing." *Heckler v. Campbell*, 461 U.S. 458, 467 (1983). A claimant is entitled to a hearing that is both full and fair. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981). The federal regulation governing disqualification of administrative law judges in Supplemental Security Income cases, 20 C.F.R. § 416.1440,[1] provides as follows:

> An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision. If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. If he or she withdraws, the Associate Commissioner for Hearings and Appeals, or his or her delegate, will appoint another administrative law judge to conduct the hearing. If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.

20 C.F.R. § 416.1440.

Beginning in 2006, counsel for the Plaintiff has filed several judicial complaints against the ALJ in the instant case, alleging dishonesty, bias, improper attempts to influence witnesses, and retaliation. (Doc. 18 at 6). So far as the record discloses, those complaints remain open. Based on the filing of those judicial complaints, counsel for the Plaintiff has also requested that the ALJ

---

[1] An identical regulation, 20 C.F.R. § 404.490, governs disqualification of ALJs in Social Security disability cases.

recuse herself, in this and several other cases. The ALJ has declined to do so, and the Appeals Council has affirmed her refusal to recuse herself. In the instant case, counsel for the Plaintiff complains that the Appeals Council failed to look into whether there was a pattern of retaliation against his clients, that it did not speak to anyone else who had filed similar complaints, and that the Council did not look beyond the administrative record in the instant case. (Doc. 18 at 5).

Counsel for the Plaintiff seeks to have the Court remand this case for the Appeals Council to "look into" his client's complaint about the ALJ. (Doc. 18 at 4). Counsel for the Plaintiff seeks to rely on statements made in SSA Publication No. 05-1007, which informs claimants that if they complain that their ALJ is not fair, "the Appeals Council will look into your complaint as part of your appeal" and "[t]he results of that review will be part of your decision on appeal." (Doc. 18 at 4).

**Mandamus**

Mandamus is only proper where, *inter alia*, the defendant has a clear, non-discretionary duty to act. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003). Not all agency pronouncements are enforceable by way of mandamus. *See, e.g.*, *Kirkland Masonry, inc. v. C.I.R.*, 614 F.2d 532, 534 (5th Cir. 1980)[2] (holding that Internal Revenue Service Handbook, which required IRS employees to assist taxpayers in the preparation of their returns, did not create obligation for IRS to provide information about audits of previous years' returns for use in preparing current return) *and Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (stating that Social

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the United States Court of Appeals for the Eleventh Circuit adopted, as binding precedent, all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

Security Administration Claims Manual "is not a regulation," "has no legal force" and "does not bind the SSA").

The statements made in SSA Publication No. 05-1007 were promulgated as part of the Social Security Administration's 1992 "interim" bias complaint procedures. *See Social Security Administration Procedures Concerning Allegations of Bias or Misconduct by Administrative Law Judges*, 57 Fed.Reg. 49,186 (Oct. 30, 1992). The United States Court of Appeals for the Ninth Circuit has held that the interim bias complaint procedures are not judicially enforceable, because they are by their own terms a mere "notice of procedures" – somewhat akin to an agency guidance manual – rather than substantive rules. *Lowry v. Barnhart*, 329 F.3d 1019, 1022 (9th Cir. 2003) (Kozinski, J.). Counsel for the Plaintiff has not drawn the Court's attention to any contrary authority, and makes no argument that the interim complaint procedures should be considered substantive rules.

Moreover, even if the interim complaint procedures were enforceable by way of mandamus, they do not compel the result sought by counsel for the Plaintiff. The interim complaint procedures provide that the Appeals Council will "look into" the allegations of bias. That is all. There is no requirement that the Appeals Council interview any particular witness, or look beyond the administrative record in the case before it. As such, mandamus would not lie to compel the Appeals Council to "look into" the allegations in the particular fashion demanded by counsel for the Plaintiff.

### Sentence 6 of 42 U.S.C. § 405(g)

In the alternative, counsel for the Plaintiff seeks remand pursuant to sentence six of Section 405(g), which provides in pertinent part that:

> The court may . . . at any time order additional evidence to be taken before the
> Commissioner of Social Security, but only upon a showing that there is new
> evidence which is material and that there is good cause for the failure to incorporate
> such evidence into the record in a prior proceeding.

Other courts have utilized sentence six in cases where attorneys have made allegations of general

bias – *i.e.*, bias on the part of the ALJ extending beyond the instant case, such as is alleged here –

and the record as to bias has not been fully developed. *See, e.g.*, *Pronti v. Barnhart*, 339

F.Supp.2d 480 (W.D.N.Y. 2004). However, the Court does not find that counsel for the Plaintiff

has made the requisite showing here.

Counsel for the Plaintiff has pointed to two things[3] that, in his opinion, support his

allegations of bias: the first is the fact that he has filed complaints of judicial misconduct against

the ALJ in this case; the second is the fact that this ALJ has ruled against his clients in a half-

dozen or so[4] cases that were subsequently decided in his clients' favor by other judges (either other

ALJs or district judges). To the extent it might not already have been aware of the judicial

complaints, the Appeals Council was made aware by counsel for the Plaintiff, who included the

following in his argument in support of his request for review of the ALJ's decision in this case:

> The charges filed by this claimant's attorney against this ALJ inlcude: dishonesty,
> bias, improper attempts to influence government witnesses, making false claims
> against people appearing before her, improperly withholding relevant evidence

---

[3]Counsel for the plaintiff criticizes the Appeals Council for other alleged failures in addition
to these two items, such as its failure to interview his former clients. However, he never states that
such interviews or the other items he references would actually provide evidence of bias. Rather, he
appears to include references to these other alleged failures to support his argument that the Appeals
Council has not truly "looked into" his allegations, as required by SSA Publication No. 05-1007.

[4]The Court cannot discern the exact number of cases in which this occurred, because in most
instances the cases are discussed generally, not identified by name. However, based on the description
of those cases, it appears that there have been about half a dozen such cases.

> from witnesses, making a misleading record to cover up out of court misconduct,
> and retaliating against innocent claimants represented by this attorney, who has had
> to complain about her misconduct, and exceeding her authority.

(Administrative Record at 291). Counsel for the Plaintiff then went on to describe at some length

most if not all of the incidents underlying those charges, and others besides. For example, Counsel

for the Plaintiff described one occasion when the ALJ allegedly "attempted to improperly

influence [a] witness by withholding all evidence in support of the claim from the witness and

selecting and sending to the witness prior to the administrative hearing only one medical exhibit

out of 23 that were in the administrative record." (Administrative Record at 292). Counsel for

the Plaintiff has not suggested any other information on this point that needs to be made part of the

record so that a fully informed decision could be made regarding the ALJ's alleged bias. Thus,

there is no need to supplement the record in regard to this issue.

The second item cited as evidence of the ALJ's systemic bias is the existence of cases in

which the ALJ's unfavorable rulings involving clients of this attorney were overturned by other

judges. At least some of these cases were described in the argument referenced above.[5] For

example, Counsel for the Plaintiff informed the Appeals Council that

> On August 25, 2005, this ALJ issued a decision denying the claim of another
> claimant represented by this attorney. On its face this decision included incorrect
> legal standards and findings of fact that were nonsensical. The Appeals Council
> reversed the decision and remanded the case to another ALJ, who approved the
> claim on virtually the same evidence.

(Administrative Record at 292). Thus, counsel for the Plaintiff had the opportunity to put this

information into the record for the Appeals Council to consider in determining whether the ALJ's

---

[5]The Court is also aware of two such cases that have been appealed to the district court.

refusal to recuse herself was an error. Again, it does not appear that further development of the record is needed as to this point.[6]

As framed by counsel for the Plaintiff, the issue on this appeal is whether this case can and should be remanded for investigation by the Appeals Council, not whether the Appeals Council erred in failing to require the ALJ to recuse herself. (Doc. 18 at 2). Therefore, the latter issue is not properly before the Court. Nonetheless, the Court notes that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Almost invariably, they are grounds for appeal, not recusal. *Id.*

When the issue is general bias, as is alleged here, the mere fact that other judges have reached different conclusions in a half dozen of the cases involving this attorney and this ALJ sheds little light on the issue. Reversals are inevitable; the fact that they have occurred is not evidence of bias on the part of the initial ALJ. And in this case there is no evidence from which a reviewing court could determine whether the number of reversals involving this attorney's clients before this judge is unusual. There is no evidence in the record as to how many times (if at all) this ALJ has ruled in favor of this attorney's clients. There is no evidence as to how many times

_____

[6]While the administrative records of those other cases were not made a part of the record in this case, counsel for the Plaintiff has not claimed that anything in those other records, such as remarks by the ALJ at a hearing, demonstrates bias. Indeed, counsel for the Plaintiff argues just the reverse – that the administrative records in those other cases do not contain any evidence of bias, which therefore requires the reviewing court to look at all of the decisions involving this ALJ, collectively, rather than scouring the record in any particular case.

(if at all) this ALJ's rulings against this attorney's clients have been affirmed.  There is no evidence as to how many times other ALJs have ruled against this attorney and subsequently been reversed or affirmed by other judges, or even how many times this ALJ has ruled in favor or against other attorneys' clients, and how often *those* decisions were reversed or affirmed.

Even if such evidence were made part of the record, and it could be determined that the numbers between this attorney and this ALJ were significantly skewed, what would that prove? How skewed do the numbers have to be before a reviewing court can determine that the reversals were the result of malice rather than simple mistakes?  Whatever number might be required, counsel for the Plaintiff has not provided the evidence to establish it in this case.

Finally, counsel for the Plaintiff notes that it "would seem the better policy" for the ALJ to recuse herself until the charges he has raised against her have been resolved. (Doc. 18 at 6). However, unlike district judges, ALJ are not required to recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This standard, commonly referred to as the "appearance of impropriety" standard, does not apply to administrative law judges.  ALJs are employed by the agency whose actions they are reviewing.  If the appearance of impropriety standard applied to them, ALJ would be forced to recuse themselves

in every case. *See Greenberg v. Bd. of Governors of Fed. Reserve System*, 968 F.2d 164, 166-67 (2d Cir. 1992).

**Conclusion**

With Judge Baker's Report and Recommendation standing unchallenged as to the merits, the decision of the ALJ must be affirmed. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 17) of the Magistrate Judge is CONFIRMED and ADOPTED. The decision of the Commissioner is AFFIRMED. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 22, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party